```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

ANDERSON HILL ROAD CAPITAL LLC,

               Plaintiff,

    - against -

BMC -THE BENCHMARK MANAGEMENT COMPANY,

               Defendant.

20 Civ. 3378 (LLS)

MEMORANDUM OPINION & ORDER

    Plaintiff Anderson Hill Road Capital LLC ("Anderson Hill") seeks indemnification and contribution from defendant Benchmark Management Company ("Benchmark") for the WARN Act liability imposed on Anderson Hill by the Westchester County Supreme Court in its March 26, 2020 Decision (see Scharf Decl. Ex. A). Benchmark moves to dismiss the complaint for failure to state a claim upon which relief can be granted.

    For the reason set forth below, plaintiff's claims are dismissed without prejudice.

## I.

    This action arises out of the untimely closure of the former Doral Arrowwood Resort and Hotel that resulted in the incurrence of WARN Act liability, which was apportioned in part to plaintiff Anderson Hill in a state court decision discharging the Hotel's Receiver. That decision, in which liability was imposed based on an analysis of NY CPLR 8004(b) and a finding of special circumstances, is currently under appeal in the New York Appellate Division, Second Department. See U.S. Bank N.A. and

Anderson Capital Road Capital, LLC v. DCCA, LLC et al., Index No. 53946/2019, Dkt. No. 344 at 10.

As explained below, this federal court is not available as an alternate forum in which plaintiff can obtain relief from the N.Y. Supreme Court's judgment.

## II.

Under the Rooker-Feldman doctrine, a federal district court may not review the final decision of a state court. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). The doctrine not only precludes claims involving direct review of a state court decision, but also claims which are "inextricably intertwined" with the merits of the state court proceeding. See Clavin v. Post, 992 F. Supp. 359, 361 (S.D.N.Y. 1998), aff'd, 165 F.3d 13 (2d Cir. 1998).

> [A] federal court lacks subject matter jurisdiction over a plaintiff's claims if the following four conditions are met: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain[ ] of injuries caused by [a] state court judgment; (3) the plaintiff must invit[e] district court review and rejection of [that] judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced.

Robinson v. HSBC Mortgage Services, Inc., 2017 WL 570935, at *3 (S.D.N.Y. 2017)(citing Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005)) (internal quotation

marks omitted)(alterations in original).

All those requirements are met. The inextricable intertwining of the issues is apparent: the issue is who should bear the WARN Act liability? The N.Y. Supreme Court held: Anderson Hill. Plaintiff seeks the answer: Benchmark.

## CONCLUSION

The motion to dismiss is granted, without prejudice. So ordered.

Dated:   New York, New York
         January 25, 2021

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.